cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MURRAY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CITY OF CARLSBAD AND MARK RENO, ) <br> ) <br> Defendants. ) <br> ) | Civil No.08cv2121 BTM (AJB) <br><br> ORDER <br> [Doc. Nos. 28, 29 and 30] |

On November 16, 2009, the Defendants, the City of Carlsbad and Mark Reno, filed a motion to determine the sufficiency of the Plaintiff's response to Defendants' Request for Admissions or in the alternative for an order compelling further responses, and also seek the imposition of sanctions in the amount of $1,320.00 for failing to respond [Doc. No. 28]. On December 3, 3009, the Plaintiff filed: 1) a motion for protective order and request to file a second amended complaint; [Doc. No. 29] and 2) a motion to quash the subpoena issued to a third party, the City of Oceanside [Doc. No. 30]. On December 10, 2009, the Defendants filed a reply [Doc. No. 31] and an opposition to the motion to quash [Doc. No. 32]. At issue in these motions are 1) the Requests for Admissions (Set One) Nos. 1, 3-11, and 16-21; and 2) the Requests for Production of Documents Nos. 1-15 and 22-27 attached to the subpoenas issued to the Custodian of Records for the Oceanside Police Department.

///

///

### *Background*

In Plaintiff's First Amended Complaint (FAC), the Plaintiff alleges that on or about August 17, 2008, the Defendants, Mark Reno and the Carlsbad Police Department violated his civil rights under 42 U.S.C. § 1983 by unlawfully placing him under arrest for domestic violence and subsequently releasing information regarding the arrest, thereby causing the Plaintiff severe embarrassment, humiliation, emotional distress, and damage to his career and reputation. *See* FAC [Doc. No. 14], pgs. 6-8.

### *Discussion*

The Defendants have filed a motion to have the Court determine the sufficiency of the Plaintiff's responses to Defendants' Requests for Admissions or in the alternative to compel further responses to the Requests for Admissions (Set One) Nos. 1, 3-11, and 16-21 and have requested sanctions in the amount of $1,320.00 for Plaintiff's alleged failure to respond [Doc. No. 28]. The Plaintiff has filed a motion for protective order and a request to file a second amended complaint [Doc. No. 29] and a motion to quash the subpoena with regard to the attached Requests for Production of Documents Nos. 1-15 and 22-27 issued the Custodian of Records for the Oceanside Police Department [Doc. No. 30].

#### *1. Requests for Admissions (Set One) Nos. 1, 3-11, and 16-21*

The Court has reviewed these requests and responses and finds as follows:

1) With regard to Request for Admission Nos. 1, 4, 5, 10, 11 and 16-21, the Plaintiff's objections are overruled and the Plaintiff is ORDERED to provide supplemental responses to the Defendants **on or before January 21, 2010**;

2) With regard to Request for Admission Nos. 3 and 6-9, the Court finds these requests to be argumentative and inappropriate because they call for legal conclusions.

Based upon the foregoing, Defendants' motion to compel [Doc. No. 28] is GRANTED as to Request for Admission Nos. 1, 4, 5, 10, 11 and 16-21 and DENIED as to Request for Admission Nos. 3 and 6-9. The Defendants' request for sanctions [Doc. No. 28] is DENIED. The Plaintiff's motion for protective order [Doc. No. 29] is GRANTED as to the Defendants' Request for Admission Nos. 3 and 6-9 and DENIED as to Request for Admission Nos. 1, 4, 5, 10, 11 and 16-21. The Plaintiff's request to file a Second Amended Complaint is DENIED WITHOUT PREJUDICE to the Plaintiff refiling this motion with the District Judge after obtaining a hearing date for the motion for the District Judge's law clerk.

*2. Requests for Production of Documents Nos. 1-15 and 22-27*

The Requests for Production of Documents Nos. 1-5 and 22-27 were attached to Defendants' subpoenas to the Custodian of Records for the Oceanside Police Department on September 8, 2009.  The Plaintiff has filed a motion to quash the subpoena on the grounds that it requires disclosure of privileged or protected material and no exception or waiver applies under Federal Rule of Civil Procedure Rule 45(c)(3)(A)(iii).  The Defendants; have opposed the motion to quash arguing that the City of Oceanside had not objected to the subpoena and the material requested is discoverable and reasonably calculated to lead to the discovery of admissible evidence.  The Court has reviewed the parties arguments and the document requests at issue and finds as follows regarding Plaintiff's motion to quash:

    1) With regard to Requests for Production of Documents Nos. 1, 4-12, 22 and 23; the Plaintiff's motion to quash is GRANTED-IN-PART as the Court finds the scope of these requests to be over broad and therefore limits the scope to the time period of August of 2003 to present;

    2) With regard to Requests for Production of Documents Nos. 2, 3, 13-15 and 27, the motion to quash is GRANTED, as these requests are not relevant or likely to lead to the discovery of admissible evidence [Req. Nos. 2, 3, 14 and 15], duplicative [Req. No. 13-15], implicate third party privacy concerns [Req. Nos.14 and 15] and too remote in time [Req. No. 27];

    3) With regard to Requests for Production of Documents Nos. 25 and 26, the motion to quash is DENIED as the Plaintiff lacks standing to seek the relief requested.

### *Conclusion*

Based upon the parties moving papers and for the reasons set forth herein Defendants' motion to compel [Doc. No. 28]  is **GRANTED** as to Request for Admission Nos. 1, 4, 5, 10, 11 and 16-21 and **DENIED** as to Request for Admission Nos. 3 and 6-9.  The Plaintiff is ORDERED to provide supplemental responses to Request for Admission Nos. 1, 4, 5, 10, 11 and 16-21 to the Defendants *on or before January 21, 2010*.  Since both parties prevail in part, and are denied in part, the Defendants' request for sanctions [Doc. No. 28] is **DENIED**.  The Plaintiff's motion for protective order [Doc. No. 29] is **GRANTED** as to the Defendants' Request for Admission Nos. 3 and 6-9 and **DENIED** as to Request for Admission Nos. 1, 4, 5, 10, 11 and 16-21.  The Plaintiff's request to file a Second Amended Complaint is **DENIED WITHOUT PREJUDICE.** The Plaintiff's motion to quash is **GRANTED-IN-**

**PART** as to Requests for Production of Documents Nos. 1, 4-12, 22 and 23, the scope of these requests shall be limited to the time period of August of 2003 until present; **GRANTED** as to Requests for Production of Documents Nos. 2, 3, 13-15 and 27; and **DENIED** as to Requests for Production of Documents Nos. 25 and 26.

IT IS SO ORDERED.

DATED:  January 11, 2010

                                                _____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court