cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAWN MURRAY, | ) | Civil No.08cv2121 BTM (AJB) |
| Plaintiff, | ) | |
| v. | ) | Order Granting Motion to Compel |
| CITY OF CARLSBAD AND MARK RENO, | ) | [Doc. No. 64] |
| Defendants. | ) | |

The Plaintiff filed a motion to compel production of documents responsive to the Plaintiff's Third Set of Requests for Production of Documents propounded on the Defendant the City of Carlsbad. Specifically at issue in this motion is Request No. 17, which seeks Officer Dzung Luc's mobile telephone records for the night of Plaintiff's arrest. The Defendant has objected on the grounds that the information sought is inadmissible, irrelevant and violates Officer Luc's privacy rights. The parties submitted letter briefs and the hearing set for July 2, 2010 at 1:30 p.m. before Judge Battaglia is hereby vacated as this motion is appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). Based upon the parties moving papers and for the reasons set forth herein, the Plaintiff's motion to compel is hereby GRANTED.

### *Relevant Background*

In Plaintiff's First Amended Complaint (FAC), the Plaintiff alleges that on or about August 17, 2008, the Defendants, Mark Reno and the Carlsbad Police Department violated his civil rights under 42 U.S.C. § 1983 by unlawfully placing him under arrest for domestic violence and subsequently releasing

information regarding the arrest, thereby causing the Plaintiff severe embarrassment, humiliation, emotional distress, and damage to his career and reputation. *See* FAC [Doc. No. 14], pgs. 6-8. While in custody, Plaintiff contends that he saw and heard one of the arresting officers, Officer Luc, make a phone call and state "I don't think 273.5 fits." *See* Pl.'s Mem. [Doc. No. 64-1], pg. 3. During Plaintiff's deposition of Officer Luc on August 27, 2009, Officer Luc testified that to the best of his knowledge he did not access or use a cell phone the night of Plaintiff's arrest. *See* Pl.'s Ex. E [Doc. No. 64-3], pg. 25.

### *Legal Standard*

#### *I. Rule 37 - Motion to Compel*

Federal Rule of Civil Procedure 26(b)(1)[1] states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *U.S. ex rel. Schwartz v. TRW, Inc.,* 211 F.R.D. 388, 392 (C.D. Cal 2002)(internal citations omitted).

Federal Rule 37(a)(2)(B), allows the discovering party to move for an order compelling a response to a discovery request. Fed. R. Civ. Pro. 37(a)(2)(B). This rule establishes "a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties." *B.F. Goodrich Tire Co. v. Lyster*, 328 F. 2d 411, 415 (5th Cir. 1954).

### *Discussion*

The Plaintiff has moved to compel production of Officer's Luc's personal cell phone records for the period of August 17, 2008 at 10:00 p.m. to August 18, 2008 at 10 a.m. The Plaintiff contends that the cell phone records are discoverable because they could lead to other evidence that will be admissible at trial and it could be used to impeach Officer Luc's deposition testimony. *See* Pl.'s Mem., pg. 4. The

---

[1] All future references will be to the Federal Rules of Civil Procedure unless otherwise stated.

1 Defendant argues that the telephone records are not discoverable because they are inadmissible,
2 irrelevant, and violate Officer Luc's privacy rights.  *See* Def.'s Opp'n, pgs. 2-4.

3      Defendants arguments focus solely on Plaintiff's use of the requested information to assess
4 Officer Luc's state of mind and fail to consider other uses of the information that are reasonablely
5 calculated to lead to the discovery of admissible evidence.  The Plaintiff has demonstrated that the phone
6 records are discoverable if for no other reason than the impeachment of Officer Luc.  Because the
7 Plaintiff's request is narrowly tailored and there is no other means for the Plaintiff to obtain the
8 information, the Court finds Plaintiff's need for the cell phone records outweighs Officer Luc's privacy
9 objections.

10                                         *__Conclusion__*

11      For the reasons set forth above, Plaintiff's Motion to Compel is hereby **GRANTED**.  Defendants
12 shall produce Officer Luc's cell phone records for the period of August 17, 2008 at 10:00 p.m. to August
13 18, 2008 at 10 a.m. to Plaintiff's counsel *on or before July 15, 2010*.

14      IT IS SO ORDERED.

16 DATED:  June 25, 2010

                                          _____
                                          Hon. Anthony J. Battaglia
                                          U.S. Magistrate Judge
                                          United States District Court