**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN MURRAY,<br><br>                          Plaintiff,<br>  v.<br>CITY OF CARLSBAD and MARK RENO,<br><br>                        Defendants. | Case No. 08cv2121 BTM(AJB)<br><br>**ORDER GRANTING MOTION TO JOIN ADDITIONAL PARTIES** |

     Plaintiff Shawn Murray ("Plaintiff") has filed a motion to join additional parties. For the reasons discussed below, Plaintiff's motion to join additional parties is **GRANTED**.

## I. BACKGROUND

     On November 18, 2008, Plaintiff commenced this action against the City of Carlsbad (the "City") and Lieutenant Marc Reno ("Reno"), alleging violations of his civil rights in connection with his August 17, 2008 arrest for domestic violence and the subsequent search of his vehicle and home.

     A scheduling order was entered in this case on May 13, 2009. The scheduling order set deadlines for disclosures, witness identification, and pretrial motions. There was no deadline given for the addition of parties.

On March 18, 2010, Plaintiff filed his Second Amended Complaint ("SAC"). According to the SAC, on August 18, 2008, six Carlsbad police officers responded to a call of domestic violence at Plaintiff's address. The officers responding to the scene were Reno, Sergeant Gilbert Beason ("Beason"), Officer Domingo Parra ("Parra"), Officer Derek Harvey ("Harvey"), Officer Dzung Luc ("Luc"), and Detective Eric Prior ("Prior"). (SAC ¶ 10.) Reno was the highest ranking officer at the scene, and the other five officers took directions from him. (SAC ¶ 11.) The officers placed Plaintiff under arrest for domestic violence despite Plaintiff's protestations that Ms. Carpenter, the alleged victim of the domestic violence, had stolen keys from his house, broken into his truck, and forced her way back into his house. (SAC ¶ 12.) The police officers then proceeded to search Plaintiff's vehicle and home without his consent and without a warrant, and seized firearms, baseball tickets, a bottle of wine, and two badge wallets. (SAC ¶ 13.) The SAC asserts § 1983 claims for false arrest and unlawful search against the City and Reno.

Depositions of Parra, Harvey, Luc, Beason, and Reno were completed on March 19, 2010.

Plaintiff now seeks to add Beason, Harvey, and Parra as defendants to the unlawful search claim. Plaintiff seeks to add Luc as a defendant to the false arrest claim.

## II. LEGAL STANDARD

When a scheduling order is in place, modifications to the schedule can only be made after a showing of good cause. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). The good cause standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment," and the district court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). If good cause is shown, then the amendment must be shown to be proper under Rule 15.

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a complaint

should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir. 1999).  Courts may also consider whether there has been undue delay.  <u>Id.</u>  However, undue delay by itself is insufficient to justify denying a motion to amend.  <u>Id.</u>

### III. DISCUSSION

**A. Applicable Standard**

Defendants contend that Plaintiff is subject to the good cause standard of Rule 16(b) because a scheduling order has been entered in this case.  The good cause standard, however, does not supplant the liberal Rule 15 standard immediately upon the entry of a scheduling order.  Rather, the good cause standard applies only when a party seeks to modify a scheduling order *after a deadline has passed*.  <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 952 (9th Cir. 2006).

The scheduling order in this case provided no deadline for the addition of other parties, and granting Plaintiff's motion will not require an extension of the other deadlines that were included.  According to Plaintiff, the addition of Beason, Harvey, Parra, and Luc as defendants will not require additional discovery.  Furthermore, the deadline for pretrial motions has not yet expired.  Thus, Plaintiff is not actually seeking to *modify* the scheduling order, and the motion should be analyzed under the Rule 15 standard.

**B. Prejudice**

Prejudice to the other party is the most important factor to take into account when determining if leave to amend should be granted.  <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990).  Examples of prejudice include the nullification of completed discovery, the need for additional discovery, and the presentation of a new theory of liability.  <u>Id.</u>  Defendants have not made any showing of prejudice.

No additional discovery is required, and the completed discovery is unaffected. All of the parties that Plaintiff seeks to add as defendants have been deposed and are represented by the same counsel as the City and Reno. Plaintiff is not alleging any new theories of liability, because all of the claims are the same. Plaintiff simply seeks to assert the same claims against additional defendants. Accordingly, the Court finds that Defendants will not be prejudiced by the amendment.

## C. Undue Delay

Defendants allege that Plaintiff's joinder is untimely because even in the First Amended Complaint, filed in February 2009, Plaintiff identified all six officers that arrived at the scene. Plaintiff, however, provides a plausible explanation – i.e., that the extent of each officer's involvement was not known until depositions were completed in March 2010. With respect to the unlawful search claim, Plaintiff was arrested and taken to the police station as the search was being conducted, and did not personally observe the alleged conduct that now serves as the basis for the complaint. As for the false arrest claim, it is plausible that Plaintiff was not aware of who made the final decision to arrest him until after depositions were taken. Thus, Plaintiff's delay in amendment can be explained by the need to establish a factual basis for the claims against each officer.[1] See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (accepting as satisfactory plaintiffs' explanation that they waited to add a specific defendant until they had sufficient evidence of conduct upon which they could base their claims).

In light of the absence of prejudice and undue delay and the lack of any suggestion that Plaintiff is acting in bad faith, the Court **GRANTS** Plaintiff's motion to join additional necessary parties.

---

[1] The fact that Plaintiff does not seek to add Detective Prior as an additional defendant indicates that Plaintiff has separately considered the potential liability of each individual officer. According to Plaintiff, although Prior was one of the six officers that responded to the original call, discovery indicated that Prior did not participate in the search or arrest.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion to join additional parties is **GRANTED**. Plaintiff shall file the Third Amended Complaint within 10 days of the entry of this order. Officer Luc may file a notice of joinder in the pending motion for Partial Summary Judgment filed by the City of Carlsbad and Marc Reno.

**IT IS SO ORDERED.**

DATED: June 28, 2010

Honorable Barry Ted Moskowitz
United States District Judge