# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MURRAY,<br><br>                  Plaintiff,<br>  v.<br><br>CITY OF CARLSBAD, et al.,<br><br>                  Defendants. | Case No. 08cv2121 BTM(AJB)<br><br>**ORDER DENYING MOTION TO STAY ACTION** |

Plaintiff has filed a motion for an order staying this case until the Ninth Circuit Court of Appeals decides Plaintiff's Petition for Writ of Mandamus. For the reasons discussed below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff's Third Amended Complaint asserts a single 42 U.S.C. § 1983 claim, alleging false arrest and unreasonable search and seizure.

In an order filed on July 19, 2010, the Court granted Defendants' motion for partial summary judgment on the false arrest claim.

Subsequently, Plaintiff filed in the Ninth Circuit Court of Appeals a Petition for Writ of Mandamus Compelling Reversal of Grant of Motion for Partial Summary Judgment. The Petition is still pending.

## II. DISCUSSION

Plaintiff moves to stay further proceedings in this case until the Ninth Circuit decides his Petition. The Court declines to do so.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 (1936). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962) (citing Landis, 299 U.S. at 254-55). The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis, 299 U.S. at 255.

Defendants argue that they would be damaged by a stay, because such a stay would cause delay in a case that is almost ready to be tried. Discovery has been completed, and the pretrial conference is scheduled for January 11, 2011. The Court agrees that the delay of trial qualifies as "damage" to Defendants.

Accordingly, Plaintiff must make out a clear case of hardship or inequity in being required to go forward. Plaintiff has failed to do so. Plaintiff argues that it would save Plaintiff and Defendant time and money to stay this case until the Ninth Circuit rules upon the Petition. It is true that *if* the Ninth Circuit grants Plaintiff's Petition, Plaintiff's false arrest claim may have to be tried separately from his unreasonable search and seizure claim. However, the legal issues raised by Plaintiff's false arrest claim are separate and distinct from the legal issues raised by his unreasonable search and seizure claim (which pertains to the search of his house and vehicle and the seizure of certain items). The potential that additional time

and expense will be spent in trying the claims separately does not outweigh Defendants' interests in moving forward on the remaining unreasonable search and seizure claim and bringing this two-year old case to a close. Accordingly, the Court denies Plaintiff's motion to stay this action.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion to stay this action is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 22, 2010

Honorable Barry Ted Moskowitz
United States District Judge