# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MURRAY,<br><br>                          Plaintiff,<br>    v.<br><br>CITY OF CARLSBAD, et al.<br><br>                        Defendants. | Case No. 08cv2121 BTM(MDD)<br><br>**ORDER RE: MOTIONS IN LIMINE AND PRE-TRIAL SCHEDULE** |

A. <u>Trial and Related Dates</u>

      The Court held a pretrial conference on March 29, 2011. As discussed during the conference, trial is set for October 11, 2011 at 9:30 a.m. The final pretrial conference shall take place on September 21, 2011 at 3:00 p.m. The Court and counsel shall go over proposed jury instructions and verdict forms at that time. The proposed pretrial order shall be filed on or before April 18, 2011. Along with the proposed pretrial order, the parties may file simultaneous briefs regarding the causes of action to be tried. Plaintiff may also file a motion to amend his complaint to add a cause of action for ratification and/or any other cause of action or theory he wishes to present at trial. Any opposition to such motion to amend is due on or before April 25, 2011. Any reply is due on or before May 2, 2011. The motion is scheduled for hearing on May 6, 2011 at 11:00 a.m. Unless otherwise directed by the Court, there shall be no oral argument and no personal appearances are necessary.

At the pretrial conference, the Court indicated that prejudice was the primary issue that would determine whether Plaintiff was granted leave to amend his complaint. However, the Court neglected to mention that Defendants may also argue that it would be futile for Plaintiff to amend his complaint.

If Plaintiff wishes to add a ratification claim, Plaintiff must reveal the factual basis for his claim. The Court notes that "[a] mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004). The policymaker must have knowledge of the constitutional violation and must make a "conscious, affirmative choice" to ratify the conduct at issue. Id.; Haugen v. Brosseau, 351 F.3d 372, 393 (9th Cir. 2003) overruled on other grounds by Brousseau v. Haugen, 543 U.S. 194 (2004). There must be "something more" than a single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures. Kanae v. Hodson, 294 F. Supp. 2d 1179, 1191 (D. Hawaii 2003). See also Peterson v. City of Forth Worth Texas, 588 F.3d 838, 848 (5th Cir. 2009) (holding that there was no ratification of use of excessive force where the Chief of Police determined after investigation that the officers complied with department policies); Santiago v. Fenton, 891 F.2d 373, 382 (1st Cir. 1989) ("As we have indicated before, we cannot hold that the failure of a police department to discipline in a specific instance is an adequate basis for municipal liability under Monell.").

B. Motions in Limine

Plaintiffs' Motions in Limine Nos. 1-4 are not opposed and are **GRANTED** without prejudice.

Defendants' Motion in Limine No. 1 is **GRANTED** without prejudice.

Defendants' Motion in Limine No. 2 is **DENIED** without prejudice.

Defendants' Motion in Limine No. 3 is **DENIED** without prejudice.

Defendants' Motion in Limine No. 4 is **GRANTED** without prejudice.

Defendants' Motion in Limine No. 5 is **GRANTED** without prejudice.

Defendants' Motion in Limine No. 6 is **DENIED** without prejudice. It appears that emotional distress damages are available in a § 1983 suit for unconstitutional deprivation of property. See Knudson v. City of Ellenburg, 832 F.2d 1142, 1149 (9th Cir. 1987) (explaining that compensable damages for deprivation of a property interest without procedural due process include emotional distress and the recovery of the value of the plaintiff's property); Anderson v. Central Point School Dist. No. 6, 746 F.2d 505, 506 (9th Cir. 1984) ("[W]here injury such as mental and emotional distress is caused by the constitutional violation, that injury is compensable under section 1983."). Defendants erroneously focus on "property damage" as opposed to the violation of a constitutional right.

Defendants' Motion in Limine No. 7 is **DENIED** without prejudice.

Defendants' Motion in Limine No. 8 is **DENIED** without prejudice.

Defendants' Motion in Limine No. 9 is **GRANTED**. Under Fed. R. Civ. P. 26(a)(1)(A)(iii), initial disclosures must include a "computation of each category of damages claimed by the disclosing party." A party who has made disclosure under Rule 26(a) must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." It appears that Plaintiff failed to comply with Rule 26 with respect to his valuation of the seized bottle of wine, padre ticket stubs, and cup.

Defendants' Motion in Limine No. 10 is **GRANTED** without prejudice.

**IT IS SO ORDERED.**

DATED: April 1, 2011

Honorable Barry Ted Moskowitz
United States District Judge